# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. SPROUT, | Case No. 1:14-cv-02089-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| DR. HO, et al., | |
| Defendants. | |

Plaintiff Richard B. Sprout ("Plaintiff") is an inmate in the Stanislaus County Jail proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 31, 2014. He names Stanislaus Public Safety Center Medical Supervisor Dr. Ho, Stanislaus County Sheriff Adam Christiansen and Stanislaus County as Defendants.[1]

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 16, 2015.

1

the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in the Stanislaus County Jail.

He alleges that between June and August 2014, his foot became so infected that it was making him sick. Defendant Ho and the medical staff refused to send him to the hospital, and when they finally did, the infection had spread to the bone. Plaintiff lost his left pinky toe and part of his foot as a result.

Plaintiff became sick again and "almost died twice" before staff sent him back to the hospital.  ECF No. 1, at 3.

Defendant Ho changed the medication from the hospital and as a result, Plaintiff's kidneys have failed and he will be on dialysis for the rest of his life.

**C.    DISCUSSION**

    1.    Linkage Requirement

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Plaintiff names Defendant Christiansen as a Defendant, but he does not include any factual allegations against him.  To the extent Plaintiff names Defendant Christiansen in a supervisory capacity, he still has to allege some involvement in the alleged violations at issue.  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff therefore fails to state a claim against Defendant Christiansen.

### 2. Stanislaus County

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003*);* Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has not included Stanislaus County in his factual allegations and he has therefore failed to present facts that would support municipal liability.

### 3. Medical Care

Plaintiff is incarcerated at the Stanislaus County Jail, though it is unclear whether he is a pretrial detainee. In any event, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, but it is violated only when a prison official acts with deliberate indifference to an inmate's serious

medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In his allegations, Plaintiff contends that Defendant Ho refused to send him to the hospital after his foot became infected and changed his medications. While Plaintiff may ultimately be able to state a deliberate indifference claim, he does not provide sufficient factual allegations to state a claim at this juncture. For example, Plaintiff does not explain his interactions with Defendant Ho and does not state any facts about his treatment.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm, 680 F.3d at 1121-1122; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Plaintiff therefore fails to state a claim against Defendant Ho.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar,

698 F.3d at 1212-13; Lopez, 203 F.3d at 1130.  In amending, Plaintiff should indicate whether he is a pretrial detainee.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **May 28, 2015**                                    /s/ *Dennis L. Beck*
                                                                               UNITED STATES MAGISTRATE JUDGE

6