# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. SPROUT,<br><br>          Plaintiff,<br><br>     v.<br><br>HO, et al.,<br><br>          Defendants. | Case No. 1:14-cv-02089 DLB PC<br><br>ORDER DISMISSING ACTION<br>FOR FAILURE TO PROSECUTE |

Plaintiff Richard B. Sprout ("Plaintiff") is an inmate in the Stanislaus County Jail proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 31, 2014.[1]

On October 16, 2015, the Court screened Plaintiff's First Amended Complaint and ordered him to return service documents within thirty (30) days of the date of service of the order.

On November 6, 2015, Plaintiff's mail was returned to this Court by the United States Postal Service with a notation, "Undeliverable, RTS: Not deliverable as addressed-Not in custody."

The Court issued an order to show cause why the action should not be dismissed on January 15, 2016. Plaintiff was ordered to file a response, or notify the Court of his current address, within twenty-one (21) days.

///

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 16, 2015.

However, on February 1, 2016, the order to show cause was returned by the United States Postal Service with a notation, "Undeliverable (Not in Custody)."

## DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. Further, an opposing party is necessarily prejudiced by the aging of a case left to idle indefinitely as a result of the plaintiff's disinterest in either moving forward or taking action to dismiss the case. Id.

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. at 1228.

///

///

1 Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441.

Accordingly, the Court HEREBY DISMISSES this action, without prejudice, based on Plaintiff's failure to prosecute by keeping the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **February 9, 2016**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE